IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAY FANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-411-C |
| ) | |
| WASHITA FREIGHT SYSTEMS, INC., ) | |
| a domestic corporation; and ) | |
| LINKAMERICA CORPORATION, ) | |
| a domestic corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff filed the present action seeking recompense for alleged discrimination related to his employment with Defendants. Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Counts III and VI of Plaintiff's First Amended Complaint. According to Defendants, the claims raised in these Counts must fail as a matter of law.

Defendants assert that in Count III, Plaintiff seeks relief pursuant to Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24, for an alleged violation of Oklahoma's public policy. Defendants argue that Plaintiff's Burk tort must be dismissed, as he has an adequate remedy at law under either the ADA or the Oklahoma Anti-Discrimination Act ("OADA"). Because Count III is premised on Oklahoma law, this Court is bound by decisions of the Oklahoma Supreme Court on the issue. In Atkinson v. Haliburton Co., 1995 OK 104, 905 P.2d 772, the Oklahoma Supreme Court stated: "[T]he [OADA] does not provide exclusive remedy for handicap discrimination. The plaintiff may pursue a tort claim for discharge from

employment in violation of public policy without pleading the statutory claims authorized by the Act." Id. at ¶10, 774.  Thus, contrary to Defendants' argument, Plaintiff's Burk claim does not fail as a matter of law.

Defendants also challenge Count VI, arguing that it seeks relief for negligent infliction of emotional distress and Oklahoma does not recognize that cause of action.  Plaintiff does not dispute Defendants' legal argument but asserts that his claim is actually for negligence and seeks compensation for the emotional distress caused by that negligence.  The Court has reviewed Plaintiff's First Amended Complaint and finds that although the title of Count VI clearly states it is a claim for negligent infliction of emotional distress, the allegations asserted within the Count state a claim for negligence.  In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007), and Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007).  Because the allegations of the First Amended Complaint plausibly support a legal claim for relief, Defendants' motion must be denied.

For the reasons set forth herein, Defendants' Motion to Dismiss (Dkt. No. 18) is DENIED.

IT IS SO ORDERED this 14th day of August, 2008.

ROBIN J. CAUTHRON
United States District Judge